1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| H. STANLEY GASS, *et al.*, | No. C05-5602RBL |
| Plaintiffs, | |
| v. | ORDER |
| ALBERT F. SCHLOTFELDT, *et al.*, | |
| Defendants. | |

This matter comes before the Court under Local General Rule 8(c). Plaintiff H. Stanley Gass has filed a "Motion for Recusal and Declaration of H. Stanley Gass" (Dkt. # 19) in the above-captioned matter. The Honorable Ronald B. Leighton declined to recuse himself voluntarily. Dkt. # 25. Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: **"**Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

The only evidence presented by plaintiff is a statement, under penalty of perjury, that Judge Leighton disparaged plaintiff in a prior litigation, C03-5364RJB. Plaintiff asserts that Judge Leighton made pre-hearing, off-the-record comments which indicated a dislike for plaintiff arising out of an assumption that plaintiff had moved to recuse the Honorable Robert Bryan. Plaintiff does not set forth the content or the context of Judge Leighton's alleged statements. While it is clear that plaintiff took offense at Judge Leighton's alleged statements, no reasonable person could infer from the sparse record provided here that Judge Leighton is biased.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Leighton's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Leighton from this matter is DENIED.

1  DATED this 10th day of March, 2006.

2

3  _____
   Robert S. Lasnik
4  United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER                                    -3-