1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

H. STANLEY GASS et al.,

              Plaintiffs,

11
12

v.

13

ALBERT F SCHLOTFELDT, et al.,

              Defendants.

14
15

No. C05 5602RBL

ORDER ON MOTIONS
FOR SUMMARY
JUDGMENT

16
17
18

     This matter is before the court on the following Motions[1]: Plaintiff Gass' Motion for Judgment on the Pleadings [Dkt. #20] and Defendants' Motion for Summary Judgment [Dkt. #21].

19
20
21
22
23
24

     The underlying case has its roots in a state court proceeding involving Mr. Gass on the one hand and an entity called Olson Engineering on the other.  The defendants here represented Olson, Mr. Gass' adversaries, in the underlying state court litigation. In that case, Olson sought payment for work done for Mr. Gass, and commenced a litigation against him for breach of contract.  Olson, through its attorneys, claimed in the underlying action that it could not locate Mr. Gass and proceeded to serve him by mail.  A default judgment in the amount of approximately $63,000 was taken.

25
26
27

     When he learned of the judgment, Gass sought to have it vacated, alleging among other things that Olson's attorneys (the defendants in this case) had engaged in fraud, misrepresentation, violations of Rule 11, and the like. The bulk of his claim was that the attorneys had lied in obtaining the default judgment

28

     [1]Plaintiff has also moved for a "pretrial conference" or status conference [Dkt. #13], which, given the resolution of the remaining motions, is not warranted.  That Motion is therefore DENIED.

when they told the Court that Mr. Gass could not be located in Washington state.

Judge John Nichols of the Clark County Superior Court heard and rejected these allegations, but nevertheless vacated the default judgment.   At the same time, he ordered Gass to pay Olson $1000 in terms and he permitted Olson to "attach" the property at issue prior to judgment.  Gass subsequently sought to sell the property (receiving a $1000 "discount" in the form of being permitted to apply the sanction to the claimed amount) and voluntarily settled with Olson, in order to convey clean title to his purchaser.  The underlying state court action was therefore dismissed.

Gass now sues Olson's attorneys here, accusing them, in addition to the transgressions he claimed in state court, of mail fraud and asserting a RICO claim.  He also claims that they made "threats" against him in order to force him to settle the underlying litigation.

Mr. Gass has moved for Judgment on the Pleadings.  He argues that "nothing in the Defendant's Answer provides defenses sufficient to [survive the Plaintiff's Motion for Judgment on the Pleadings.]" This of course is a legal conclusion, and the Plaintiff's Motion cites no authority for the legal proposition. Instead, the Answer denies the factual allegations contained in the Complaint, and sets up the affirmative legal defenses which are the subject of Defendants' Motion, discussed below.

Defendants seek Summary Judgment on Plaintiffs' claims against them, arguing that Gass cannot establish the required elements of a civil RICO claim, including a predicate act; that he has not suffered any damages (also an essential element a RICO claim); and that even the elements were established, the conduct about which Gass complains is privileged.

A.      **Summary Judgment Standard**.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other

words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B.   Civil RICO claims.**

Under 18 U.S.C. §1962, a plaintiff must establish that the defendant in a civil RICO claim (1) conducted 92) and enterprise (3) through a pattern (4) of racketeering activity. "Racketeering activity" under 18 U.S.C. §1961 includes indictable offenses under a variety of federal statutes, including mail fraud and wire fraud. To allege a violation of mail fraud it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616 at 620 (9th Cir. 2004).  As the defendants correctly point out, mail fraud cannot be predicated on misrepresentations of law or misrepresentations as to matters of law, which are matters of opinion and not actionable as fraud, even if they are false. *Miller* at 621.

Plaintiff claims that the defendant attorneys engaged in mail fraud and extortion when they obtained the default judgment against him on behalf of their client, Olson Engineering.  Mr. Gass' claims relate to the attorneys statement to the Superior Court that Mr. Gass could not be located, and therefore not personally served, in Washington.  Mr. Gass claims here, as he did in state court, that this statement was not true, and that he in fact lived in Washington throughout the relevant time frame.   He does not explain the fact, expressly relied upon by the state court, that he gave Olson his address in California, and maintained only a P.O. Box in Washington. He provides no additional evidence suggesting that the defendant attorneys knew he resided in Washington and "lied" to the court with the specific intent to deceive the court.

Furthermore, and in any event, these allegations were made to, and rejected by, the state trial court. This court is in no position to re-visit on a paper record (or otherwise) the decisions of a state trial court. The attorneys' statement that they could not locate Mr. Gass cannot support a civil RICO claim as a matter of law.

As to the newer claim that the attorneys engaged in extortion when they threatened to prolong the litigation, Plaintiff does not squarely address the defendants' authority which states: "[T]hreats to commence or prolong litigation does not constitute extortion for purposes of Civil RICO." [Numerous

citation omitted.] The remaining claims of extortion (notifying the title company of the writ of attachment and Olson's claim against the property; "forcing" Mr. Gass to stipulate to the dismissal of Olson's claims against him) similarly are without legal or logical support.

**C.      Lack of Damages.**

An additional fatal flaw in Mr. Gass' claim is that he cannot prove that any alleged RICO violation caused him any damage. Mr. Gass was sued by Olson Engineering for failing to pay for services allegedly rendered. A default judgment was obtained, but vacated. The trial court issued a prejudgment "writ of attachment" on the property, which Mr. Gass chose to pay off in order to sell the subject property. Though he might have preferred not to, he did so "voluntarily" as he deemed that option superior to continuing to litigate[2] the validity of Olson's claim and potentially losing the sale. The lawsuit was thereafter dismissed with prejudice, as Mr. Gass concedes. Finding that he suffered damage would require this court to adjudicate the validity of Olson's claim in a manner directly contrary to the judgment entered in state court. Again, this is not something that this court can or will do.

**D.      Litigation Privilege.**

Finally, it is clear that the statements of the defendant attorneys in state court as to their efforts and ability to serve Mr. Gass in Washington are privileged,[3] and they are immune from subsequent damages claims based on them. *See*, for example, *McNeal v. F.F. Allen*, 95 Wn.2d 265, 267 (1980). If and to the extent the attorneys violated their Rule 11 obligations before Judge Nichols, the proper place for remedying that conduct was in that proceeding – a course which Mr. Gass unsuccessfully pursued. Again, this court is not in a position to re-visit and essentially reverse the judgment of the state trial court.

///

//

/

For these reasons, the Plaintiff's Motions for a Pretrial status Conference [Dkt. #13] and for Judgment on the Pleadings [Dkt. #20] are DENIED. Defendants' Motion for Summary Judgment [Dkt.

---

[2]It should be noted that the defendant attorneys apparently offered to allow the sale if the disputed amount was withheld in escrow. Mr. Gass apparently rejected this option.

[3]This is true whether they were acting as attorneys or witnesses.

#21] is GRANTED and Plaintiff's claims against all defendants are DISMISSED with PREJUDICE.

DATED this 31st day of March, 2006

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE